# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

STEVEN T. CORBIN,

    Plaintiff,

v.

JEFF SESSIONS, *Attorney General*, and
LEE J. LOFTHUS, *Justice Management Division, U.S. Department of Justice*,

    Defendants.

Civil Action No. TDC-18-1305

## MEMORANDUM OPINION

Plaintiff Steven T. Corbin has filed this civil action against officials of the United States Department of Justice alleging that Defendants improperly removed two prior civil actions that he filed in the Circuit Court for Montgomery County, Maryland in violation of federal removal statutes, 28 U.S.C. §§ 1441(f), 1442(a)(1), and 1447 (2012). Pending before the Court are Defendants' Motion to Dismiss, Corbin's Motion for Sanctions, and Corbin's Motions for Title VII Proceeding. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED, and Corbin's Motions are DENIED.

## BACKGROUND

Corbin's Complaint and the attached documents primarily focus on two prior lawsuits that Corbin filed in the Circuit Court for Montgomery County, which Corbin alleges were improperly removed to federal court. On April 23, 2015, Corbin filed the first of those lawsuits ("*Corbin I*"), Case No. 404261-V, naming as defendants Lee J. Lofthus, Assistant Attorney General for

Administration, and "JMO Finance Staff" at the United States Department of Justice ("DOJ"), Justice Management Division ("JMD"). The defendants removed the action to the United States District Court for the District of Maryland and filed a motion to dismiss for failure to state a claim. On November 10, 2015, the court (Titus, J.) issued an order granting the defendants' motion and dismissing the case, which the United States Court of Appeals for the Fourth Circuit later affirmed. *See Corbin v. Loftus ("Corbin I")*, No. RWT-15-2118, 2015 WL 13055760, at *2 (D. Md. Nov. 10, 2015); *Corbin v. Loftus*, 671 F. App'x 48, 49 (4th Cir. 2016).[1]

On November 4, 2015, Corbin filed another action (*"Corbin II"*), Case No. 411307-V, in the Circuit Court for Montgomery County, naming as defendants Loretta Lynch, Attorney General of the United States; Shaun Donovan, Director of the Office of Management and Budget; Beth Cobert, Acting Director of the United States Office of Personnel Management; and Thomas E. Perez, Secretary of Labor. After removal to this District, *Corbin II* was dismissed as barred by *Corbin I* under the doctrine of *res judicata*. *See Corbin v. Lynch ("Corbin II")*, No. RWT 16-CV-1495, 2017 WL 1001325, at *2 (D. Md. Mar. 15, 2017).

Corbin has also attached documents that appear to allege that he was wrongfully terminated from his position on the Finance Staff of JMD. On June 3, 2015, he filed a formal complaint of discrimination with the DOJ Equal Employment Opportunity Staff, which was dismissed for reasons not specified in the pleadings. Corbin has asserted that the termination of his employment violated federal law because the Government: "(1) failed to disclose charges of the court required names, places and dates of the specific charges contained in the notice of proposed adverse action;

---

[1] The Court takes judicial notice of the complaint and opinions in both prior lawsuits filed by Corbin. *See* Fed. R. Evid. 201(b)(2); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that a court may take judicial notice of matters of public record). Corbin has attached the district court's opinion in *Corbin I* to his Complaint in this case.

(2) failed to conduct a post-termination hearing and (3) no barred from recovery because of physical or mental disability in adverse action of a Removal to prevent from obtaining salary." Suppl. at 2, ECF No. 9-1.

## DISCUSSION

In their pending Motion to Dismiss, Defendants argue that this case should be dismissed in its entirety because Corbin may not seek review of a prior federal court decision by filing a new civil action in state court. Even if the Complaint is viewed as an entirely new case, Defendants argue that Corbin's claims would be barred by the doctrines of *res judicata* and collateral estoppel.

To the extent Corbin challenges the removal of *Corbin I* and *Corbin II*, this Court lacks jurisdiction to entertain his claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is no provision in the statutes governing jurisdiction of the federal district courts and federal courts of appeals that authorizes this Court to review the prior rulings of either the United States Court of Appeals for the Fourth Circuit in *Corbin I* or the district court in both *Corbin I* and *Corbin II*. *See* 28 U.S.C. § 1291; 28 U.S.C. §§ 1330-1369. Indeed, "where a judgment is entered by a court of competent jurisdiction, with respect to a matter in controversy before it, such judgment is binding upon the parties and may not be reviewed by another court of co-ordinate jurisdiction." *Cottman Co. v. Dailey*, 94 F.2d 85, 89 (4th Cir. 1938).

Similarly, state courts, including the Maryland court in which Corbin filed this case, do not have the power to review decisions of federal district courts. The statute governing the jurisdiction of the Maryland circuit courts states that their jurisdiction is constrained "where by law jurisdiction has been limited or conferred exclusively upon another tribunal." Md. Code Ann., Cts. & Jud.

Proc. § 1–501 (West 2011). Because the power to review federal district court decisions belongs to the federal courts of appeals, *see* 28 U.S.C. § 1291, the Maryland circuit courts lack jurisdiction to review the propriety of removal in *Corbin I* or *Corbin II*.

Corbin's opportunity to challenge the removal of *Corbin I* and *Corbin II* was while those cases were before the district court, when he could have filed a motion to remand each case and, if denied, appealed the matter to the United States Court of Appeals for the Fourth Circuit. Corbin apparently failed to seek remand in either case, such that there was no order to review on appeal. *See Corbin I*, 671 F. App'x at 49 n.1 (declining to consider an apparent challenge to the removal of *Corbin II* because there had been "no ruling by the district court on a motion to remand"). At this point, Corbin's appeal in *Corbin I* has been resolved, he never filed an appeal in *Corbin II*, and this Court lacks jurisdiction to review the rulings in those cases. Thus, this Court may not consider Corbin's claims that the prior removal decisions were erroneous.

Even if the present case were deemed to be a new civil action, Corbin's claims—even if broadly read to assert other grievances such as wrongful termination or employment discrimination—must be dismissed under the doctrine of *res judicata*. *Res judicata* is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 335 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55.

Here, there can be no dispute that *Corbin I* culminated in a final judgment on the merits because the motion to dismiss was granted with prejudice and affirmed by the Fourth Circuit. *Corbin I*, 2015 WL 13055760, at *2; *Corbin I*, 671 F. App'x at 49; *see, e.g., McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice."). Likewise, *Corbin II* culminated in a final judgment on the merits because the motion to dismiss was granted with prejudice on the basis that Corbin's claims were precluded by *Corbin I*. *See, e.g., Garcia-Monagas v. De Arellano*, 674 F.3d 45, 52 (1st Cir. 2012) (holding that another court's res judicata determination has a claim preclusive effect); *Matter of Brady, Texas, Mun. Gas Corp.*, 936 F.2d 212, 219 (5th Cir. 1991) (same); *Electro-Miniatures Corp. v. Wendon Co., Inc.*, 889 F.2d 41, 45-46 (3d Cir. 1989) (same); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4435 (2d ed. Supp. 2018) ("Fittingly, dismissal of a second action on the ground that it is precluded by a prior action is itself effective as res judicata, and a judgment on the merits that forecloses further litigation of the preclusion question in a third action.").

On whether there is identity of parties, the United States Supreme Court has held that "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940). The crucial point is "whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy." *Id.* In both *Corbin I* and the present case, Corbin has named as a defendant Lee J. Lofthus in his capacity as Assistant Attorney General for the Justice Management Division. In both *Corbin II* and the present case, Corbin names the Attorney General of the United

States—Loretta Lynch in *Corbin II* and Jeff Sessions in the present case—as defendants. Thus, in all three cases, Corbin has effectively filed suit against the United States Department of Justice. Because all of the named officials are representatives of DOJ and can answer to Corbin's allegations in that capacity, there is privity of interest among them. *See Harms v. United States*, 972 F.2d 339, 1992 WL 203942, at *8 (4th Cir. 1992) (holding that there was privity of interest between the Postmaster General in the former case and the United States in the case on appeal because the Postmaster General had authority to represent the interests of the United States in the former suit). Where the interests of Lofthus, Lynch, and Sessions in these cases are plainly aligned, privity has been established. *Jones v. S.E.C.*, 115 F.3d 1173, 1181 (4th Cir. 1997) (holding that privity exists between "parties whose interests in a given lawsuit are deemed to be aligned").

As for whether there is identity of causes of action, cases involve the same "cause of action" if they "arise out of the same transaction or series of transactions or the same core of operative facts." *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)). Even if a plaintiff is proceeding under a different legal theory, "[a]s long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal citation omitted). Notably, *res judicata* bars not only claims actually litigated in the first case, but also claims that could have been litigated in that proceeding. *Pueschel*, 369 F.3d at 355-56.

Here, to the extent that the attachments to Corbin's Complaint could be construed as asserting specific claims, they relate to the circumstances surrounding his termination from federal employment in 2015. These same circumstances also gave rise to *Corbin I*, in which Corbin alleged, "contributory infringement, harassment (detrimental), wiretapping, collusion, [and]

assault," which he tied to his work as a federal employee at JMD. Compl. at 1-2, *Corbin I* (RWT-15-1180, ECF No. 2). The complaint in *Corbin I* also notes that Corbin "worked with the EEOC/EOC of DOJ for basic severance pay, but to no avail," further revealing that *Corbin I* arose out of the termination of Corbin's federal employment. *Id.* at 1. In *Corbin II*, which was dismissed as barred by *Corbin I* on the basis of *res judicata*, the court noted that Corbin had made claims of potential employment discrimination and was asserting allegations previously raised before the Merits Systems Protection Board. *See Corbin*, 2017 WL 1001325, at *2. Thus, Corbin has already had an opportunity to litigate the circumstances surrounding his employment termination in *Corbin I* and *Corbin II*. Because Corbin's claims were or could have been raised in the earlier cases, they are now barred by *res judicata*. To the extent that Corbin seeks to contest his termination further in federal court, the Court strongly recommends that he review Federal Rule of Civil Procedure 11(b)-(c), which provides that the Court may impose monetary sanctions against a party for filing frivolous or baseless claims.

### III. Corbin's Motions

Because the Court will grant Defendants' Motion to Dismiss, it will also deny Corbin's Motions for Title VII Proceeding as moot. The Court, however, must still address Corbin's Motion for Sanctions, as a request for sanctions is not necessarily extinguished by the granting of a motion to dismiss.

Corbin appears to request sanctions on the basis that Defendants filed their Notice of Removal in the present case in violation of Rule 11 of the Federal Rules of Civil Procedure, because removal was plainly improper. He argues that removal is proper only if the amount in controversy is greater than $75,000, which Defendants failed to plead in their Notice of Removal. However, Defendants removed this case because they are federal officers, pursuant to 28 U.S.C.

§§ 1442 and 2679, which do not require a minimum amount in controversy. Moreover, upon review of the submitted materials, the court finds no basis to conclude that counsel for Defendants acted improperly in any way. Accordingly, Corbin's Motion for Sanctions will also be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 32, will be GRANTED; Corbin's Motions for Title VII Proceeding, ECF Nos. 37 & 38, will be DENIED AS MOOT; and Corbin's Motion for Sanctions, ECF No. 36, will be DENIED. A separate Order shall issue.

Date: November 20, 2018

　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　THEODORE D. CHUANG
　　　　　　　　　　　　　　　　United States District Judge